348 So.2d 739 (1977)
Lillie JACKSON
v.
EAST BATON ROUGE PARISH SCHOOL BOARD et al.
No. 11462.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
*740 Walton J. Barnes, Baton Rouge, of counsel, for plaintiff-appellee, Lillie Jackson.
Foye L. Lowe, Jr., Associate Gen. Counsel, Dept. of Public Safety, Baton Rouge, of counsel, for defendant-appellant, Department of Public Safety.
Arthur H. Andrews, Baton Rouge, of counsel, for defendant-appellee, Fireman's Fund Ins. Co. and East Baton Rouge School Bd. et al.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
The State of Louisiana through the Department of Public Safety, Drivers License Division, appeals herein from judgment on its third party demand in favor of the third party defendant, Associated Indemnity Corporation, dismissing its third party demand against said insurer. Associated Indemnity Corporation answered the appeal asking for damages from the appellant for frivolous appeal.
The action was originally commenced by the plaintiff, Lillie Jackson, against the East Baton Rouge Parish School Board and the State of Louisiana through the Department of Public Safety, Drivers License Division, for personal injuries allegedly sustained by her when she slipped and fell at the Department of Public Safety Drivers License Renewal Facility in Baton Rouge, Louisiana. Said facility was housed in Valley Park Continuing Education Center which is owned by the East Baton Rouge Parish School Board but is only partially *741 occupied by that entity, being used by it as part of an adult education project. East Baton Rouge Parish School Board settled its differences with the plaintiff with a reservation of the plaintiff's rights to proceed against the Department of Public Safety. The Department of Public Safety then third partied Associated Indemnity Corporation as the insurer of the East Baton Rouge Parish School Board claiming that the Department of Public Safety was an insured under the School Board's policy of insurance. Associated Indemnity Corporation moved for and was granted summary judgment as to the third party demand.
The only issue on appeal is whether the relationship between the Department of Public Safety and the School Board is such that the Department would be insured under the omnibus portion of the insurance policy.
The policy names the East Baton Rouge Parish School Board as insured, and provides comprehensive liability coverage to the named insured and others, as provided in Part II, Person's Insured.
We are concerned with two provisions, Paragraphs II(c) and II(d) which state:
"(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designate and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;
"(d) any person (other than an employee of the named insured) or organization while acting as real estate manager for the name insured; " (emphasis supplied).
In light of the above, the real question is whether the Department of Public Safety was a "real estate manager" or "executive officer" under the insurance contract.
Appellant contends that the trial judge erred in granting the summary judgment where there were genuine issues of material fact. This contention is based on the determination of whether an agreement between the School Board and the appellant for use of the premises made the appellant executive officers of the School Board or real estate managers responsible to the School Board. These are questions of law and not of fact. Savoy v. Action Products Company, Inc., 324 So.2d 921 (La.App. 3rd Cir. 1975) writ refused, 329 So.2d 463 (La.1976).
The Department of Public Safety cannot be an executive officer, director or stockholder of the East Baton Rouge School Board for the reason that the department is not a human being.
It is further clear to us that though the Department of Public Safety managed the real estate in question in some manner, it did so to serve its own purposes and not acting as a real estate manager for the name insured, the East Baton Rouge School Board. At most, the Department of Public Safety was a lessee of the School Board.
Therefore, we find that the trial court was correct in granting the motion for summary judgment.
The only issue remaining is appellee's demand for damages for frivolous appeal. The basis of the request for damages for frivolous appeal is appellee's assertion that the "standard policy" of the Attorney General's office is to attempt to seek contribution from all sources no matter how remote, to appeal every judgment, and then to seek writs if possible, in the event of an adverse judgment. Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973), Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), and Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976). *742 This case presents a legal question on the issue of who were insureds under the policy in question. Therefore, we reject plaintiff's demand for damages for frivolous appeal.
For the reasons assigned, the judgment of the District Court is affirmed. Appellant is to pay all costs of this appeal legally taxable to it.
AFFIRMED.