366 So.2d 994 (1978)
COLEMAN OLDSMOBILE, INC.
v.
Arthur COBB.
No. 12375.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
*995 Robert L. Kleinpeter, Baton Rouge, of counsel for plaintiff-appellee Coleman Oldsmobile, Inc.
William H. Cooper, Jr., Baton Rouge, of counsel for defendant-appellant Arthur Cobb.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
This appeal arises out of an action to recover funds seized by defendant-appellant by writ of fifa and garnishment in another action pursuant to a default judgment which was subsequently reversed by this Court.
On June 22, 1976, defendant's wife, Paula Cobb, filed suit in redhibition to rescind the sale of a 1974 BMW Bavaria automobile which was purchased from plaintiff herein, Coleman Oldsmobile, Inc. (hereinafter referred to as "Coleman"). On July 20, 1976, plaintiff, Paula Cobb, entered a preliminary default in the action against Coleman. On July 22, 1976, Coleman filed a pleading styled "Motion for Summary Judgment" alleging that the claim had prescribed and that it was entitled to judgment as a matter of law. The preliminary default was confirmed on July 23, 1976, neither the judge nor counsel for plaintiff being aware of the July 22nd pleading. Judgment was signed on August 2, 1976, and plaintiff sought and obtained a writ of fifa and cited Louisiana National Bank as garnishee, causing to be delivered to the Sheriff the sum of $15,916.80 from funds in the account of Coleman at that bank. These funds are now in the possession of Paula Cobb.
Coleman appealed the default judgment to this Court. We found the pleading filed by Coleman on July 22nd, while styled as a motion for summary judgment, was in fact an exception of prescription which interrupted the delay for answering until the exception could be ruled upon. Since the exception was never ruled upon, the delay for answering had not yet expired on July 23rd, and the default judgment could not be legally confirmed. Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La.App. 1st Cir. 1977), writ denied, 349 So.2d 1269 (1977).
Plaintiff subsequently filed this suit against defendant, Arthur Cobb, as head and master of the community, to recover the sum of $15,916.80 seized under the invalid default judgment. Defendant filed an exception of no cause of action which was overruled.
Coleman filed a motion for summary judgment setting out the above facts via affidavit, claiming there was no genuine issue as to material fact and that it was entitled to judgment as a matter of law. Defendant filed no affidavit which in any way controverted or amounted to an opposition of the motion for summary judgment, though filed in the record is an affidavit of defendant and a letter addressed to Robert L. Kleinpeter which explain his actions in confirming the default against Coleman.
The trial judge granted plaintiff's motion for summary judgment ordering defendant to return the sun of $15,916.80 seized under the default judgment with interest thereon at the legal rate from October 4, 1976, the date of seizure, until paid. Defendant filed a motion for new trial which was subsequently denied by the trial court. From the above judgment, defendant has appealed. Plaintiff has answered the appeal seeking damages for frivolous appeal. We amend and as amended, affirm.
Defendant-appellant claims the trial judge erred in finding there was no genuine issue as to material fact. We disagree. At most the only opposition to the motion was counsel's argument that the prior suit for redhibition was still pending and should he be successful in that suit then *996 the present suit to recover the funds would be moot. Defendant is only in possession of these funds by virtue of a writ of fifa issued in connection with a judgment which we have declared invalid. Accordingly, defendant's suit for redhibition has no bearing on whether the funds which he has seized in consequence of said invalid judgment should be returned. There being no dispute as to any material fact, the trial judge was correct in so holding.
Defendant has not cited as error the application of the law by the trial judge. We note, however, that a defendant who has suffered seizure under an invalid judgment has a right to recover that which was wrongfully seized. State, Department of Highways v. Busch, 254 La. 541, 225 So.2d 208, 210 (1969); Bomarito v. Max Barnett Furniture Company, 177 La. 1010, 150 So. 2 (1933); O'Brien v. O'Brien, 347 So.2d 1288 (La.App. 1st Cir. 1977). The proper procedure is to file a separate suit for its recovery. Henry Waters Truck & Tractor Company, Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir. 1973) (on rehearing), writ refused, 279 So.2d 206 (1973). We, therefore, affirm the trial court's granting the motion for summary judgment.
Answering the appeal, plaintiff-appellee seeks damages for frivolous appeal. This Court recently reiterated in Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir. 1977), the well-established principles in this area:
"* * * Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973), Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), and Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976)." (348 So.2d at 741)
Counsel for plaintiff argues that defendant prosecuted this appeal solely for the purpose of delay. We agree. Appellant's only defense asserted on appeal is that it was improper for the trial judge to grant a summary judgment in this case while the principal action, i. e., the suit in redhibition, was still pending. This claim is without merit. Plaintiff herein has a right to bring a separate action to recover money seized under an illegal judgment. Henry Waters Truck & Tractor Company, Inc. v. Relan, supra. Defendant's assertion that he should be allowed to keep and have the use of money seized under an illegal judgment simply because there is a suit pending between the same parties for the same amount is untenable.
This alone is not dispositive that damages for frivolous appeal are proper. However, when viewed in the context of defendant's actions throughout the entire record, we believe damages are due.
In answer to plaintiff's petition in this case, defendant filed an exception of no cause of action. After the exception was overruled, plaintiff filed a motion for summary judgment. Defendant filed no memorandum in opposition thereto and could not have filed any affidavit which would have effectively opposed the motion. Defendant filed a motion for new trial after the summary judgment was granted, claiming the judgment to be contrary to the law and evidence but filed no memorandum in support thereof. Defendant conceded during oral arguments before this Court that he did not appear to argue either against the motion for summary judgment or in favor of the motion for new trial. Finally, defendant lodged a suspensive appeal and set forth in his brief in very short terms the above errors which we have reviewed and rejected.
Viewing the case as a whole, considering that the defendant had no defense to plaintiff's claim and that he nevertheless took *997 positions through various pleadings which tended to delay the process of litigation, and also considering the lack of serious advocacy in these positions taken, including this appeal, we agree that this appeal was taken solely for the purposes of delay and damages for frivolous appeal are warranted.
We believe that $750.00 as attorney's fees is adequate damages to be assessed against defendant-appellant as a result of this appeal. Samford v. Samford, 297 So.2d 465 (La.App. 2nd Cir. 1974).
Therefore, the judgment of the trial court is amended and the defendant-appellant, Arthur Cobb, is hereby condemned to pay plaintiff-appellee, Coleman Oldsmobile, Inc., the sum of $750.00 in damages for prosecuting this appeal. In all other respects the judgment is affirmed. All costs are to be borne by defendant-appellant.
AMENDED AND AS AMENDED, AFFIRMED.