368 So.2d 1134 (1979)
Warren J. MOITY, Sr., Plaintiff-Appellant,
v.
Mercer B. BUSCH, Defendant-Appellee.
No. 6849.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
Warren J. Moity, Sr., in pro per.
Voorhies & Labbe, John Chappuis, Jr., Lafayette for defendant-appellee.
*1135 Before CULPEPPER, FORET and DOUCET, JJ.
CULPEPPER, Judge.
Warren J. Moity, Sr., a layman, appearing in proper person, brought this action against Mercer B. Busch for damages alleged to have been caused by defamatory remarks made while Mr. Busch was testifying in a prior suit as an expert for Mr. Moity's opponent, United Geophysical Corporation. In the alternative, plaintiff alleged "malicious prosecution." On a motion for summary judgment, the trial court dismissed plaintiff's suit. From that ruling, Mr. Moity has brought this appeal, praying that we reverse and remand the case for trial on the merits. The defendant, Mercer B. Busch, has answered the appeal, seeking damages for frivolous appeal.
There is no dispute as to the material facts. Only the legal consequences flowing therefrom are at issue. The pertinent allegations of plaintiff's petition are as follows:

"3.
"That on July 2, 1975, as an expert witness, MERCER B. BUSH, hereinafter referred to as `BUSH', gave testimony, showed still pictures, which was defamatory, untrue results, libelous and slanderous, malicious, in a legal proceedings entitled WARREN J. MOITY VERSUS UNITED GEOPHYSICAL CORPORATION, CIVIL ACTION NUMBER 35465 of the 16th Judicial Court. That the said `BUSH' was a willing witness who either knew or should have known that such testimony by him was and would be damaging to plaintiff WARREN J. MOITY, SR., hereinafter referred to as `MOITY'.

"4.
"That the testimony of `BUSH' accused `MOITY' of presenting a FAKE CLAIM, that by means of still pictures the said `BUSH' attempted to show the Court that because of PAINT PENETRATION the damage could not have occurred as `MOITY' stated it occurred.

"5.
"That the said `BUSH' gave testimony showing cracks from settlement and that said testimony was erroneous and inaccurate. That the said `BUSH' is not a STRUCTURAL ENGINEER AND IS NOT PROPERLY QUALIFIED to give such testimony and that the opinion of the said `BUSH' was inaccurate, improper and damaging to `MOITY'.

"6.
"That the said `BUSH' does not possess the proper educational training to properly give expert testimony in the field of structures and paint. That the said `BUSH' either knew or should have known that because of his lack of educational training as an expert in the field of STRUCTURES AND PAINT, his testimony was dangerous and damaging to `MOITY' as used in the Lawsuit on July 2, 1975.

"7.
"That by Judgment rendered by the Honorable Edward A. De La Houssaye, III, and the reasons for Judgment signed on the 23rd day of February, 1978, the Court rejected that part of defendant, `BUSH' testimony accusing `MOITY' of seeking damage for cracks in the brick wall falsely, that defendant `BUSH' accused `MOITY' of trying to seek a claim from a blast but rather was due to faulty workmanship. The Court rejected that claim.

"8.
"That the Court found that the cause of `MOITY'S' damage was due to seismic exploration and not as a result of faulty workmanship as testified to by the defendant, `BUSH'.

"9.
"That the testimony of the defendant, `BUSH' was made with malice, and was humiliating, embarrassing and caused much mental pain and anguish and mortification.

*1136 "10.
"That the litigation entitled WARREN J. MOITY VERSUS NO. 35465 UNITED GEOPHYSICAL CORP., was decided in favor of the said `MOITY'.

"11.
"That the testimony of `BUSH' aided in defeating in part `MOITY'S' CLAIM for damages."
The entire testimony by Busch in the previous suit was filed in support of defendant's motion for summary judgment. Propriety of the summary judgment hinges upon whether or not our law grants Mr. Busch absolute immunity for all statements made by him while testifying as an expert witness. He had many years experience in brick manufacture, construction of brick walls and estimating brick jobs. Busch was clearly qualified as an expert in these fields and was accepted as such by the district judge. While testifying in such capacity, Mr. Busch stated it was his opinion that the cracks in the brick walls of the Moity home were caused by settling of the foundation and not the seismographic explorations which "United Geophysics had recently conducted in the neighboring area, as alleged by plaintiff. Part of the basis for his opinion was the finding of paint in various cracks in the brick, to a depth which could only have been achieved if the cracks were in existence when the house was painted, which painting occurred prior to the seismographic operations.
It is firmly established in this state that testimony given at a judicial proceeding by a non-litigant witness carries with it absolute immunity from a defamation suit stemming from the utterance of such testimony. Terry v. Fellows, 21 La.Ann. 375 (La.1869); Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969). This protection is granted so that all witnesses may speak freely without the fear of a reprisal suit for slander. As an accepted qualified expert witness, Mr. Busch was free to give his opinion whether others might disagree with his conclusions or not.
In an attempt to provide a basis for liability, appellant cites this court to the case of Bienvenu v. Angelle, supra. Although our Supreme Court there recognized that communications made during investigatory work in the field are not accorded an absolute privilege, they did recognize that "communications made in judicial or quasi judicial proceedings carry an absolute privilege." All of the allegedly defamatory statements made by Mr. Busch were given in his capacity as a witness, under oath, at a formal judicial hearing and in the particular field of his expertise. There are no allegations by plaintiff as to any defamatory statements by Busch during his investigation and preparation for trial. All of defendant's testimony was relevant and his answers entirely responsive to the propounded questions of plaintiff and defendant, both of whom were represented by counsel. A proper reading of Bienvenu only strengthens the lower court's dismissal of this defamatory action, based on testimony by Busch in the prior suit.
There is no basis in the record for plaintiff's alternative demand for damages for malicious prosecution. Busch is not alleged or shown to have ever prosecuted Moity for anything. Busch was not even a party in the prior suit. He was only a witness. On appeal, plaintiff makes no argument regarding malicious prosecution.
We next consider defendant's request for damages for frivolous appeal. In the recent case of Coleman Oldsmobile, Inc. v. Arthur Cobb, 366 So.2d 944 (La.App. 1st Cir. 1978), the court quoted from Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir. 1977), the following rule:
"* * * Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken *1137 solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973), Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), and Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976)." (348 So.2d at 741)
In Coleman, the plaintiff sued to recover funds seized by defendant Cobb under a writ of fi. fa. and garnishment pursuant to a default judgment in Cobb's favor in another suit, which judgment was subsequently reversed by the Court of Appeal. The district judge granted Coleman's motion for summary judgment ordering Cobb to return the $15,916 which was seized. Defendant Cobb appealed, arguing that the prior suit for redhibition was still pending and should he be successful in that suit, then the present suit to recover the funds would be moot. The Court of Appeal pointed out that defendant Cobb was in possession of the funds only by virtue of a writ of fifa issued under the judgment which had already been declared invalid. The appellate court concluded defendant Cobb had no defense and that he had taken positions through the various pleadings which showed lack of serious advocacy and were only for the purpose of delay. Damages for frivolous appeal in the sum of $750 were awarded on the basis that this was a reasonable amount for attorney's fees for the appellee in connection with services on appeal.
In the present case, as in Coleman, the appellant has taken various meritless positions in both the trial and appellate courts which show clearly that the appellant could not have seriously believed in the position which he advocates on appeal. After having lost his case in the trial court for the reason that the law is clear that a non-litigant witness has absolute immunity from a subsequent defamation suit stemming from his testimony, the plaintiff-appellant abandoned this position on appeal. In his appellate brief, Moity admits the trial judge was correct. We quote from appellant's brief.
"There is no question that the cases quoted by counsel for defendant is (sic) correct. They refer to a witness testifying in a case for which they were subpoenaed to testify. There is an absolute privilege."
On appeal, plaintiff's only argument is that under Bienvenu v. Angelle, supra, statements made during the defendant's investigation and preparation for trial are not privileged. However, there are no allegations in plaintiff's petition of any defamatory statements made by Busch during his investigation or preparation for trial. Therefore, under the record before us, this is a frivolous argument, absolutely unsupported by any allegations or evidence in the record.
Viewing the record as a whole, we conclude that this appeal was taken solely for the purpose of causing the defendant Busch embarrassment, humiliation, inconvenience and expense. We will assess damages in the sum of $750, which should be adequate to cover the cost of the services of defendant's attorney on appeal. See Coleman Oldsmobile, Inc. v. Cobb, supra, and Samford v. Samford, 297 So.2d 465 (La.App. 2d Cir. 1974).
For the reasons assigned, the judgment appealed is affirmed. It is further ordered, adjudged and decreed that there be judgment herein in favor of the defendant-appellee, Mercer B. Busch, and against the plaintiff-appellant, Warren J. Moity, Sr., for the sum of $750, together with legal interest thereon from the date of this judgment until paid as damages for prosecuting this frivolous appeal. All costs in the trial and appellate courts are assessed against the plaintiff-appellant.
AFFIRMED, AS AMENDED.