379 So.2d 1196 (1980)
Preston J. MAUBOULES, Plaintiff-Appellant,
v.
BROUSSARD RICE MILLS et al., defendant-appellee.
No. 7308.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
Writ Refused March 21, 1980.
A. D. Barnes, Jr., New Orleans, for plaintiff-appellant.
Privat & Regan, Kenneth O. Privat, J. W. Landry, Jr. and Philip J. Chappuis, II, Crowley, for defendants-appellees.
Before GUIDRY, SWIFT and LABORDE, JJ.
LABORDE, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action which resulted in the dismissal of plaintiff's suit. Plaintiff-appellant seeks a reversal of this judgment. Appellee, by answer to appeal, asks for damages for a frivolous appeal.
A brief background of previous litigation between some of the parties to the present suit will assist in an understanding of the present posture of this suit.
In 1977, Broussard Rice Mills, Inc., one of the defendants in this present suit, purchased a quantity of rice from the plaintiff-appellant, Preston J. Mauboules. Anticipating that a claim would be made for a portion of the proceeds by Mable Mauboules Stutes, Preston J. Mauboules instructed Broussard Mills, Inc. to hold the money he expected Mrs. Stutes to claim. It is essential to note that this first request to hold these funds due to a possibility of multiplicity of claims came from the defendant-appellant, Preston J. Mauboules.
Mrs. Stutes, as expected, soon asserted her claim to the proceeds, represented by Kenneth O. Privat.
Mrs. Stutes filed a declaratory judgment action against Preston J. Mauboules, her step-son, asserting ownership of the funds held by Broussard Rice Mills, Inc. In that suit, Preston J. Mauboules filed a declinatory exception of improper venue which was sustained by the trial judge on May 3, 1978. Mrs. Stutes failed to move for a change of venue to Jefferson Parish or take any immediate steps to continue her claim. Then Mr. Mauboules asked Broussard Rice Mills, Inc. to forward the funds which he had previously requested they hold. Broussard Rice Mills, Inc. turned down that request, apparently as a result of a request by Mrs. Stutes' attorney, Mr. Privat. Mr. Privat's letter to Broussard Rice Mills, Inc. stated, in pertinent part:
"I represent Mrs. Mable Menard Mauboules, presently married to Mr. Sweeney Stutes. Mrs. Stutes was granted the water rent by her late husband, Louis Mouboules. You are presently holding, *1197 or will shortly be holding, funds to which she is entitled as a result of this water rent. Mr. Preston Mauboules has made a claim to these funds, and this matter has been the subject of litigation, and you are to hold all funds until notified by the joint attorneys for Mrs. Stutes and Mr. Preston Mauboules and/or the Court as to the disposition of these funds."
Mr. Privat, sent to counsel for Mr. Mauboules, a letter outlining his position on the rice sale proceeds which stated, in pertinent part:
"I've discussed this matter at length with my client and we have taken a position that although our attempt to get a declaratory judgment on the ownership of the funds has been dismissed for lack of venue in the Fifteenth Judicial District Court for the Parish of Acadia, that the issue of the ownership and interest in the funds has not abated.
Since the Will leaving the interest to Mrs. Mauboules has been questioned by Mr. Preston J. Mauboules, we feel that it will be up to him to bring this matter to a head with some sort of judicial action.
In the meantime, we will maintain our position that the Will grants us the right to the funds and we so instructed Broussard Rice Mills."
It is quite apparent that both parties interested in the rice sale proceeds were dickering back and forth, each trying to force the other party to become the plaintiff and sue in the defendant's venue.
Mr. Mauboules filed suit against Kenneth O. Privat, the appellee, and against J. B. Broussard, and Broussard Rice Mills, Inc., praying for damages for the conversion of funds. The appellee, Mr. Privat, filed a peremptory exception of no cause of action which was sustained by the trial judge. From that judgment, plaintiff-appellant brings this appeal. Mr. Privat answers the appeal asking for an award of $3,000.00 in damages for a frivolous appeal.
A concise statement on the exception of no cause of action is found in Ford Motor Credit Co. v. Soileau, 357 So.2d 563 (La.App. 3rd Cir. 1978) wherein we said:
"The law in this area is clear. The purpose of the exception of no cause of action is to test the legal sufficiency of the pleadings. Well pleaded facts alleged in the petition are taken as true. If any reasonable construction of the alleged facts could lead to possible legal recovery, the exception must be overruled. Normally, evidence may not be considered for the purposes of sustaining an exception of no cause of action. The exception can be sustained only when the allegations, as stated in the petition, affirmatively establish that no relief can be granted under the law."
(Citations omitted)
The question becomes whether any reasonable construction of the alleged facts can lead to a legal recovery.
Appellee's basic argument centers on agency principles. As an agent for Mrs. Stutes, Mr. Privat argues, his activities regarding the rice proceeds were in a representative capacity and as such he cannot be personally liable. For this proposition, appellee cites Southwestern Sugar and Molasses Company v. Industrial Molasses Corporation, 135 So.2d 481 (La.App. 4th Cir. 1961), wherein the Court said:
"Agents are not liable to third persons for nonfeasance or mere omissions of duty. They are responsible to third parties only for the actual commission of those positive wrongs for which they would be otherwise accountable in their individual capacity under the obligations common to all other men."
Appellant argues that appellee's serving in a representative capacity does not make him immune from liability. He cites 89 C.J.S Trover and Conversion § 77 for the proposition that "every person is liable in trover who personally or by agent commits an act of conversion or who participates in the conversion by instigating, aiding, or assisting another...."
This principle was adopted in Louisiana in Edwards v. Max Thieme Chevrolet, 191 So. 569 (La.App. 2nd Cir. 1939) wherein the Court adopted the following statement:

*1198 "One who aids and abets another in keeping property from its rightful owner is guilty of conversion, and the fact that he acted as agent for another is no excuse."
It is our opinion that the issue is not so much whether or not an agent can be guilty of conversion, but did the actions of Mr. Privat as particularized in plaintiff's petition aid an act of conversion in a tortious manner.
The Louisiana view of conversion is stated in Oge v. Resolute Insurance Company, 217 So.2d 738 (La.App. 3rd Cir. 1969) wherein this Court said:
"Under our jurisprudence, conversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession. But, there must be either a wrongful taking or a wrongful detention."
The Louisiana definition of conversion is consistent with the American Law Institute Restatement of Torts 2d, Section 222A which states:
"Section 222A. What Constitutes Conversion
(1) Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.
(2) In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:
(a) the extent and duration of the actor's exercise of dominion or control;
(b) the actor's intent to assert a right in fact inconsistent with the other's right of control;
(c) the actor's good faith;
(d) the extent and duration of the resulting interference with the other's right of control;
(e) the harm done to the chattel; and
(f) the inconvenience and expense caused to the other."
It is our opinion that the decision of the trial court is correct. In order for Mr. Privat to be guilty of conversion, he must have aided or assisted in wrongly depriving the true owner of the property. Broussard Rice Mills, Inc., always had dominion over the money. The company was free to disburse the money as it chose, subject to possible claims of third parties, such as Mrs. Stutes.
Appellee, Mr. Privat, wrote the mill in an attempt to protect his client's rights. He certainly did not wrongly detain any money or assist the mill in a tortious retention of the rice sale proceeds. It is quite apparent that the real issue is not a conversion of the rice proceeds, but the true ownership of the proceeds. Broussard Rice Mills, Inc., when sued in this matter, put the disputed proceeds into the registry of the Court and prayed that the real parties at interest, Preston J. Mauboules and Mrs. Stutes, assert their respective claims. Broussard Rice Mills, Inc. is not a party to this appeal, and we therefore express no opinion regarding the action taken by it.
Accepting the plaintiff-appellant's position that Mr. Privat committed conversion would lead to an absurd result. Following plaintiff's logic, if an attorney asserts a claim to disputed property on behalf of a client, he would be guilty of conversion and tortiously liable. The fact of putting the depository on notice of a claim of ownership does not fit the definition of conversion. It is not an exercise of dominion over property of another.
In summary, we believe that the trial court correctly sustained defendant's exception of no cause of action, as accepting the facts and allegations of plaintiff's petition as true, plaintiff has no legal remedy under the law.
Defendant-appellee asks for $3,000.00 in damages asserting that plaintiff's appeal is frivolous. Article 2164 of C.C.P. states:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court *1199 may award damages for frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
In a recent case, Moity v. Busch, 368 So.2d 1134 (La.App. 3rd Cir. 1979), cited approvingly Coleman Oldsmobile, Inc. v. Cobb, 366 So.2d 944 (La.App. 1st Cir. 1978), and Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir. 1977) we stated:
"Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyard, Inc. v. LaRose Shipyard, Inc., 289 So.2d 192 (La. App. 1st Cir. 1973); Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), and Franklin v. Franklin, 338 So.2d 1199 (La. App. 3rd Cir. 1976)." (348 So.2d at 741).
Although the appellant's position is untenable, it is our opinion that it is not frivolous.
For the foregoing reasons, the request for damages for a frivolous appeal is denied. The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.