386 So.2d 1066 (1980)
Maxine M. RIEDEL et al., Plaintiffs-Appellants,
v.
The Succession of Mrs. Bessie Massey SHARP, Defendant-Appellee.
No. 7708.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1980.
Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for plaintiffs-appellants.
Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY, and CUTRER, Judges.
DOMENGEAUX, Judge.
The heirs of the decedent, Mrs. Bessie Massey Sharp, brought this suit to annul the probate of the decedent's statutory will.[1] The trial court denied the petition to annul the testament and the plaintiffs bring this appeal. The defendant, executrix, answered the appeal seeking damages for a frivolous appeal. We affirm the decision of the trial court.
The facts in this case are succinctly stated by the trial judge:
"On March 27, 1963, Mrs. Bessie Massey Sharp executed a statutory will prepared and notarized by Joseph P. Henry, Jr. of Natchitoches in the presence of Mr. Henry's wife, Juanita B. Henry, and Mr. Henry's secretary, Eva Martin. Mrs. Sharp died on June 29, 1979 and the will was probated on August 23, 1979.
On August 28, 1979, three heirs of the decedent filed a petition seeking to annul the last will and testament. At the trial of this matter on October 18, 1979, Mr. Henry, Mrs. Henry and Mrs. Eva Martin Williams all testified as to their conduct in the preparation and execution of the will.
Their testimony was corroborated by Laddie Gay Howell, a nephew, who testified that he brought his aunt to Natchitoches in 1963 and to the office of Mr. Henry where the will was prepared."
According to La.C.C.P. Article 2932,[2] the proponents of Mrs. Sharp's will had the burden of proving its validity since the action *1067 of nullity was instituted within three months of the date of probate. In an effort to sustain that burden, the testament's proponents called as witnesses the notary, Mr. Joseph M. Henry, Jr., and the two women who signed Mrs. Sharp's will as witnesses, Mrs. Juanita Henry and Miss Eva Martin (now Mrs. Eva Martin Williams).
All three testified that they recognized their signatures. Mr. Henry recognized all the signatures including that of the decedent, Mrs. Sharp. The testament's two witnesses also recognized the signature of Mr. Henry, the notary, and further testified that they definitely would not have signed as witnesses if they had not seen Mrs. Sharp sign the will. However, they remembered very little else about the signing of the will.
The trial judge was satisfied that the will was valid. He said:
"While Mrs. Henry and Mrs. Williams could not recollect in detail the will itself, they testified as to the manner in which Mr. Henry prepared all wills and the manner in which they witnessed any official documents, and the Court is satisfied that the will was executed properly and that there are no defects in the will."
Plaintiffs argue that the trial court erred in its holding that the will was valid because only the notary testified that the testatrix signed in his presence. We find no merit to plaintiffs' argument that the witnesses to a will must have an independent recollection of all the facts surrounding the execution of the will.
It would be a ridiculously high burden upon the notary and witnesses if the validity of Mrs. Sharp's will depended on their specific recollections of the events on that day sixteen and a half years earlier. We find that the evidence amply supports the finding that the will was executed properly. Therefore, we affirm the trial court's denial of the petition to annul the testament.
The defendant (executrix) has answered this appeal seeking damages on the grounds that this appeal was frivolously filed without any legal merit.
In a recent case, Moity v. Busch, 368 So.2d 1134 (La.App. 3rd Cir. 1979) we quoted the following rule from Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir. 1977):
"... Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit." (Citations omitted).
Although the appellants' argument is without merit, we cannot say that it manifestly appears that the appeal was taken solely for delay or that counsel does not seriously believe in the position advocated.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed to the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] For formal requirements of the statutory will, see La.R.S. 9:2442.
[2] La.C.C.P. Art. 2932 states:

"The plaintiff in an action to annul a probated testament has the burden of proving the invalidity thereof, unless the action was instituted within three months of the date the testament was probated. In the latter event, the defendants have the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of the law."