394 So.2d 688 (1981)
J. Larry BRASSEAUX, Plaintiff-Appellee,
v.
Lawless J. REAUX, Jr., Defendant-Appellant.
No. 8054.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*689 Shelton & Legendre and Harold L. Savoie, Lafayette, for defendant-appellant.
J. Michael Placer, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and LABORDE, JJ.
LABORDE, Judge.
This is a petitory action involving a three arpent tract of woodland situated in Lafayette Parish, Louisiana. The trial court, without written reasons, rendered judgment recognizing plaintiff, J. Larry Brasseaux, as owner of the disputed tract.
On appeal, defendant, Lawless J. Reaux, argues: 1) that plaintiff failed to prove his title good as against the world, and 2) that the trial court judgment fails to sufficiently describe the immovable property as required by law.
Plaintiff answers the appeal and requests damages for a frivolous appeal.
We affirm the decision of the trial court and we deny damages for a frivolous appeal.

BURDEN OF PROOF
Plaintiff in a petitory action must prove his title to the property in question. His burden varies depending upon whether the defendant is in or out of possession of the disputed property; the burden being more onerous when the defendant is in possession. LSA-C.C.P. art. 3653.[1] On appeal, defendant argues that because plaintiff alleged he (plaintiff) was not in possession of the wooded tract and defendant was, plaintiff is required to meet the more stringent burden of proof of title good as against the world.
Defendant's contention lacks merit. In his answer and in his testimony at trial, defendant denied he was in possession of the disputed tract. Since neither plaintiff nor defendant is in possession, plaintiff need only prove a "better title" than defendant to prevail. LSA-C.C.P. art. 3653. The overriding issue presented, therefore, is whether plaintiff proved a "better title" to the subject property than did defendant.

PLAINTIFF'S TITLE
At the trial, plaintiff introduced the following record evidence of his title. On August 5, 1918, Gustave Mouton sold to Valery Breaux the following described property:
"A certain tract of land situated in the Parish of Lafayette in the third ward thereof on the east side of Bayou Vermilion, containing three superficial arpents, bounded North by land Succession or heirs of Simon Breaux, South by land of heirs of Rosemond Benoit, east by land of Nickerson & Judice, and West by land of Mrs. Alcide Guidroz."
On December 2, 1957, Valery Breaux sold the same tract, with essentially the same description, to Paul D. Mine who on December 4, 1963, sold the tract to plaintiff's ancestor in title, Pierre A. Judice. Plaintiff purchased the tract from Pierre A. Judice on August 17, 1965.
In support of his chain of title, plaintiff offered tax statements showing assessment for and payment of taxes on the subject property by him and by several of his ancestors in title.
In addition to claiming ownership by record title, plaintiff claims ownership of the *690 disputed tract by acquisitive prescription of ten years. LSA-C.C. art. 3479.[2]
The evidence in support of this claim shows a 1965 deed from Pierre A. Judice to Larry Brasseaux which deed describes the three arpent tract and appears sufficient to transfer ownership of the described property.[3] There is nothing in the record to contradict that when plaintiff purchased the property in 1965, he reasonably believed in good faith that Mr. Judice had good title. Shortly after the purchase, plaintiff exercised possession by using the wooded area for recreational purposes, by granting mortgages on it and, as mentioned above, by paying the taxes on it. Under this evidence, by 1965 plaintiff established corporeal possession of the disputed tract and this possession was continued by further acts of both corporeal and civil possession down to the time this lawsuit was filed.
We conclude that plaintiff has shown some title or some grounds for claiming ownership of the disputed tract. It now becomes necessary to inquire into defendant's title.

DEFENDANT'S TITLE
Defendant testified that he owned property in the front, the right and in the back of the disputed tract but added that his (defendant's) property is clearly defined and surveyed. Defendant further testified that he does not claim to own the disputed tract nor has he occupied or possessed it.
Our review of the record convinces us that defendant has not seriously argued he has title to the disputed tract. Instead, he chose to attack plaintiff's chain of title. This he did by arguing that the description in the links of plaintiff's title do not describe the property adequately enough in order to locate it. In addition, he claims plaintiff offered no reference to any survey, plat or measurement. Hence, he concludes, plaintiff has failed to prove his title.
While perhaps plaintiff has not shown a perfect title, he has shown a descriptive title to the disputed tract going back to 1918. The property is definitely shown to be in the third ward of Lafayette Parish and to contain three arpents. The names of the landowners on three sides of the property and the Vermilion Bayou on the fourth side are given in description of the property.
In addition, there was testimony demonstrating that the property can be located. Plaintiff testified that he had been on the property several times. He stated that he went to the property and that it was fenced on three sides. His testimony generally shows that he is familiar with the location and dimensions of the property.
Mr. Pierre A. Judice, Jr., plaintiff's vendor, also testified that he knew the location of the property. He stated that he knows what surveyor's stakes look like and that there were surveyor's stakes on the property. He further stated that he measured the property with tape using the stakes as points of reference. It is obvious that he, too, was familiar with the property and its location.
Mr. Louis J. Breaux, son of Valery Breaux, an ancestor in title of plaintiff, testified that he had been on the property about 25 years ago while his father owned it. He stated that once he had crossed the *691 Vermilion Bayou he could find the property and that the bayou would be crossed at Gloria Switch Road whereupon "you take a left and you go just a short piece and you take a right and you have to walk." He stated that he was familiar with the amount of land contained within an arpent and that there was no doubt in his mind that the property in question contained three arpents.
In conclusion, we hold that defendant has failed to show that he was in possession, thus requiring of plaintiff only that he prove a better title than defendant. Presumably, the trial judge considered and compared the respective titles proved by plaintiff and by defendant and determined that plaintiff had proved the "better title." LSA-C.C.P. art. 3653. We find no manifest error in this conclusion.
Defendant further argues that the judgment should be reversed and set aside because it fails to sufficiently describe the immovable property as required by Code of Civil Procedure Articles 1919[4] and 2089[5].
The purpose of the above articles is to insure that the successful litigant and the official charged with the execution of the judgment will proceed with absolute certainty against the actual property involved in the litigation. Based on the reasoning advanced above, we find defendant's argument is without merit.
Plaintiff asks for damages asserting that defendant's appeal is frivolous. Article 2164 of the C.C.P. states:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The Court may award damages for frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
In a recent case, Moity v. Busch, 368 So.2d 1134 (La.App. 3rd Cir. 1979), citing approvingly Coleman Oldsmobile, Inc. v. Arthur Cobb, 366 So.2d 944 (La.App. 1st Cir. 1978), and Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir. 1977) we stated:
"Article 2164 of the Code of Civil Procedure authorized a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La. App. 1st Cir. 1973), Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), and Franklin v. Franklin, 338 So.2d 1199 (La. App. 3rd Cir. 1976)." (348 So.2d at 741).
Although the defendant's position on appeal is untenable, it is our opinion that it is not frivolous.
For the foregoing reasons, the judgment of the trial court recognizing plaintiff as owner of the disputed tract is affirmed. The request for damages for a frivolous appeal is denied. Costs of appeal are assessed against the defendant, Lawless J. Reaux.
AFFIRMED.
NOTES
[1] Louisiana Code of Civil Procedure Article 3653 provides:

"To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
[2] Louisiana Civil Code Article 3479 provides:

"To acquire the ownership of immovables by the species of prescription which forms the subject of the present paragraph, four conditions must concur:
1. Good faith on the part of the possessor.
2. A title which shall be legal, and sufficient to transfer the property.
3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
4. And finally an object which may be acquired by prescription."
[3] The Louisiana Supreme Court in Snelling v. Adair, 196 La. 624, 199 So. 782 (1940), recognized that if the property intended to be conveyed can be ascertained with certainty by the aid of admissible extrinsic evidence which can identify and locate the property, a just title for purposes of ten years acquisitive prescription exists. The fact that property is described as being bounded on the various sides by the estate of another can suffice in this regard.
[4] Louisiana Code of Civil Procedure Article 1919 provides:

"All final judgments which affect title to immovable property shall describe the immovable property affected with particularity.
This article does not apply to judgments in succession proceedings recognizing heirs or legatees and sending them into possession."
[5] Louisiana Code of Civil Procedure Article 2089 provides:

"All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected."