428 So.2d 886 (1983)
Larry EVANS and Josie Mae Edwards
v.
Sam IVY and Jessie E. Edwards.
No. 82 CA 0493.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*887 Otha C. Nelson, Baton Rouge, for plaintiffs.
Allen B. Pierson, Jr., Ponchatoula, for defendants.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs, Larry Evans and Josie Mae Edwards, filed this suit against defendants, Jessie Edwards and Sam Ivy, contending that defendants used fraud and misrepresentation in order to secure the sale of a tract of land from Larry Evans to Sam Ivy. Furthermore, plaintiffs contend that the purchase price was less than one-half the value of the property and therefore the sale was lesionary. Defendants answered denying plaintiffs' allegations; additionally, defendants filed their own reconventional demand for rents collected by plaintiffs (defendants in reconvention) during the pendency of the litigation on property allegedly belonging to defendants (plaintiffs in reconvention). After trial on the merits, the court rejected both the principal and reconventional demand; this appeal followed. The plaintiffs in reconvention answered plaintiffs' appeal seeking a reversal of the trial court's rejection of their claim for rent; additionally, defendants seek damages for a frivolous appeal under Article 2164 of the Louisiana Code of Civil Procedure. Finally, defendants appeal the decision allowing Larry Evans to proceed in forma pauperis. A review of the motion for appeal indicates, however, that only Josie Edwards sought to appeal in forma pauperis; Larry Evans did not. Consequently, this claim of defendants is rejected.
The facts in this controversy were clearly set forth in the trial court's opinion and we will quote his succinct exposition herein.
"Plaintiff Larry Evans is the son of plaintiff Josie Mae Edwards. Josie Mae Edwards was previously married to defendant Jessie E. Edwards. The defendants, Sam Ivy and Jessie E. Edwards, are brothers.
Plaintiff Josie Mae Edwards contracted to buy a parcel of ground from the late John Noblett. The agreement was not put on a bond for deed form. The date of the agreement was not proved with any certainty. Payments were made to Mr. Noblett, and after his death, to his widow. It was established that part of the payments were made during the time that plaintiff Josie Mae Edwards was married to the defendant Jessie E. Edwards. However, the exact amount of the payments made during their marriage was never established at the trial.
During their marriage, when there was a balance of $185.00 owed on the purchase price of the parcel in question, defendant Jessie E. Edwards made arrangements to borrow the funds necessary to pay said balance and also to pay off certain debts of the community existing between him and plaintiff Josie Mae Edwards. Because of mortgages and judgments standing against them, the property was purchased in the name of her son, Larry Evans. Larry Evans executed the note and mortgage dated July 14,1973 in the amount of $1500.00 before Notary Public Erlo Durvin. (Joint Exhibit 3) The attorney's notes (attached at Joint Exhibit 1) show the attorney's breakdown as to the loan proceeds. Defendant Jessie Edwards testified that the balance remaining was paid on outstanding debts of the community between himself and plaintiff Josie Mae Edwards.
When the loan could not be paid to the bank, and the property was about to be lost, arrangements were made by Jessie E. Edwards for its sale to defendant Sam Ivy.

*888 Plaintiff Larry Evans testified that he had never made any of the payments to the bank, that he did not know he was buying the property, that he did not know he was mortgaging it, and that he did not know he was selling it. He does not make any claim for it on his own. His only claim of fraud is that defendant Jessie E. Edwards always caught him in a rush and he did not know what he was signing. He gave no explanation as to what he thought he was signing when he signed the deed selling to Sam Ivy. At the times that he signed, he was a student at Nicholls State University. Both he and his mother contend that they were not in difficult financial condition, but the mortgage certificate (introduced at the trial as Joint Exhibit 4) shows otherwise.
No evidence was introduced to substantiate the claim of lesion beyond moiety. No evidence was introduced as to the October 7, 1973 value of the property.
Sam Ivy actually paid the purchase price to the bank for the account of the parties responsible on the note."
Plaintiffs' first specification of error asserts that the trial court erred in failing to hold that defendants defrauded plaintiffs out of the property in question. It is evident the trial court simply found that plaintiffs had failed to prove the allegations of fraud and, on that basis, rejected plaintiffs' demands. A close reading of the transcript demonstrates that the trial court was correct, and we therefore affirm.
A review of the jurisprudence in this state on fraud will show that the courts have long held that an accusation of fraud is a serious one (cf. Strauss v. Insurance Company of North America, 157 La. 661, 102 So. 861 [1925]), and that the party alleging fraud has the burden of proving it by legal and convincing evidence which is well beyond preponderance, in that exceptionally strong proof is required (cf. Mitchell v. Bertolla, 397 So.2d 56 [La.App. 2nd Cir.1981], writ denied 400 So.2d 669 [La. 1981]). Clearly, fraud may never be presumed. La.C.C. arts. 1847, 1848; Matassa v. Temple, 346 So.2d 803 (La.App. 1st Cir. 1977), writ denied, 349 So.2d 332 (La.1977). In contrast, the only fraud alleged by Evans was that in the sale from himself to Ivy, Jessie Edwards informed him he would be helping his" mother if he signed the papers. This was not shown to be false. According to Evans' testimony, he was in a hurry to get back to college and did not take time to read what he was signing. With respect to the sale to Sam Ivy, it appears that Evans thought he was helping the Edwards in preventing the loss of the property to the bank for nonpayment of the mortgage. Quite simply, the record is devoid of any proof, much less clear and convincing proof, that this was not the actual state of affairs. As such, we find that the proof of fraud on the part of Sam Ivy and Jessie Edwards is missing and we reject plaintiffs' first specification of error.
In the second specification of error, appellants contend that the trial judge erred in denying plaintiffs' motion for a new trial without a contradictory hearing. In Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (La.1971), the Supreme Court held that a motion for a new trial does not always necessitate a contradictory hearing and that constitutional due process would not, ipso facto, be violated without one. Significantly, the court wrote:
"Allegations might be made in a motion for new trial which the Code of Civil Procedure would clearly require to be fixed for a contradictory hearing." 248 So.2d 299 at 302 (emphasis supplied)
As such, the question presented the trial judge was whether or not the allegations in the motion were such as would "clearly require" a contradictory hearing.
Appellants' application for a new trial is premised on three grounds: (1) plaintiffs allege that several of the debts listed on a mortgage certificate dated March 13, 1973 were improperly considered by the lower court; (2) plaintiffs assert they have discovered additional evidence, not available at trial, which will establish fraud on the part of the defendants; and, (3) that the judgment *889 is contrary to the law and the evidence.
Taking these in order, we note that the mortgage certificate plaintiffs complain about was introduced at trial as a joint exhibit of plaintiff and defendant. Clearly then, plaintiffs' counsel had ample opportunity to study the certificate and refute whatever disadvantageous allegations it directed toward plaintiffs. Indeed, a reading of the record will indicate that plaintiffs' counsel questioned plaintiff specifically about the debts on the mortgage certificate. Accordingly, we do not find the existence vel non of the debts on the certificate presents new or additional evidence not available to appellants at trial.
Next, plaintiffs contend they have uncovered new and additional evidence which will verify their allegations of fraud. However, in contravention of Article 1975 of the Code of Civil Procedure, plaintiffs' application for a new trial merely asserts a conclusion of law rather than the necessary allegations of fact upon which the claim of fraud is grounded. Moreover, the affidavit verifying the newly discovered evidence simply refers to the application rather than reciting the newly discovered allegations of fact. In short, neither the application nor the affidavit recites anything new which would have required a contradictory hearing pursuant to Sonnier.
Finally, plaintiffs argue the trial judge's decision is contrary to the law and the evidence. As we recently stated in Miller v. Campbell, 407 So.2d 491 (La.App. 1st Cir. 1981), such a bare allegation does not present any new issues, and it is within the trial judge's discretion to deny such a motion ex parte and without a contradictory hearing. It is apparent the trial court read the application for a new trial in the light of Sonnier and Miller, and felt that the accusations therein would not necessitate a contradictory hearing. We cannot say this decision was manifestly erroneous, and we therefore reject plaintiffs' second specification of error.
It should be noted that originally plaintiffs made a claim for return of the property based upon lesion beyond moiety. However, as pointed out by the trial court, no evidence was introduced to substantiate such a claim. Moreover, plaintiffs have not assigned the court's ruling on lesion beyond moiety as a specification of error nor have the appellants briefed the matter. As such, we will consider this claim as abandoned.
Defendants answered plaintiffs' appeal with a plea that we reverse the rejection of defendants' demand for the rent Josie Edwards collected during the pendency of this litigation. Defendants styled their pleading an "Amended Petition" when in fact it was a reconventional demand. The law and jurisprudence of this state is clear that every pleading shall be construed as to do substantial justice (La.C.C.P. art. 865), and that the courts may overlook a miscaption of a pleading, including a reconventional demand, where the opposing party is not prejudiced. Higdon v. Higdon, 385 So.2d 396 (La.App. 1st Cir.1980). We find no such prejudice here as plaintiffs were aware from the pre-trial order that defendants intended to make a claim for the rent; moreover, plaintiffs have not lodged with this court any complaint relative to defendants' action.
Though the defendants may have succeeded in having this issue litigated, nevertheless, the trial court rejected their claim as unproven and we affirm. Although a perusal of the record indicates that Josie Edwards has been collecting rent on a house located on the lot in question, at the same time the testimony demonstrates that Josie has expended sizable amounts of money maintaining the property in leasable condition. More importantly, until this late-filed reconventional demand was made, the plaintiffs in reconvention have simply never disputed Mrs. Edwards' right to the rent. Indeed, the plaintiffs in reconvention apparently have been totally unconcerned that rent was collected and certainly cannot now be heard complaining about a practice their negligence perpetuated. The court is simply not persuaded that Josie collected the rent wrongly and without some right thereto.
*890 The final issue before the court is defendants' request for damages because of an allegedly frivolous appeal by Larry Evans. As we clearly stated in Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir.1977) and cited approvingly in the recent case of Board of Commissioner's of the Port of New Orleans, et al v. Louisiana Commission on Ethics for Public Employees, 416 So.2d 231 (La.App. 1st Cir.1982), writ denied 421 So.2d 248 (La. 1982):
"Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit." 348 So.2d 739 at 741.
In short, though an appeal may seem untenable, it is not frivolous if taken with sincere intent, and not for the purposes of delay. Brasseaux v. Reaux, 394 So.2d 688, (La.App. 3rd Cir.1981). The defendants seek damages because they allege Larry has appealed the question of ownership though he testified that he had no interest in the property. In fact, Evans simply appealed the decision of the Court denying his claim of fraud. Larry and Josie assert the property was taken from them wrongly; were we to have reversed the trial court, then the public record, which Ivy asserts he relied upon when buying the property, would show that Evans was the owner. Consistent with Jackson and Brasseaux, we do not find this appeal frivolous and we reject defendants' demand for damages.
For the above and foregoing reasons, the lower court's decision rejecting plaintiffs' principal demand and defendants' reconventional demand is affirmed. Furthermore, defendants request for damages based upon a frivolous appeal is rejected. All costs of the appeal are to be shared equally by original plaintiffs and defendants.
AFFIRMED.