452 So.2d 397 (1984)
Christopher J. GALLAND, Plaintiff-Appellee,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PENNSYLVANIA, et al., Defendant-Appellant.
No. 83-746.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*398 Franklin, Moore & Walsh, Charles A. O'Brien, III, Baton Rouge, for defendantappellant.
Fuhrer & Flournoy, Leonard Fuhrer and Steven W. Harris, Alexandria, for plaintiffappellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
STOKER, Judge.
Defendant, National Union Fire Insurance Company (National Union), appeals from a default judgment ordering it to pay $1,298.50 for court costs incurred in a previous suit by the plaintiff against National Union.
The parties had reached a settlement in the previous suit by plaintiff in which National Union agreed to pay court costs including expert witness fees set at $200 for each of three doctors' depositions. After efforts to collect the costs were unsuccessful, plaintiff filed the present suit on April 5, 1983. A judgment of default was entered on April 26, 1983, and the default judgment was confirmed on May 2, 1983.
National Union appeals solely on the basis that plaintiff did not prove the amount of costs owed by competent evidence. Plaintiff answered the appeal asking for damages for the filing of a frivolous appeal. We affirm the judgment of the trial court and award damages to the plaintiff for the filing of a frivolous appeal.

DEFAULT JUDGMENT
On February 2, 1983, the plaintiff and National Union announced in open court that a settlement had been made in plaintiff's suit against National Union. At the hearing to confirm the default judgment in this suit, plaintiff-appellee introduced in evidence a transcript of the hearing in which the parties announced to the court that the settlement had been reached. The only other evidence presented at the hearing to confirm the default was the testimony of Mr. Fuhrer, counsel for plaintiff in the previous suit. Mr. Fuhrer testified that he made demand for the costs from counsel for National Union. He testified further, "I itemized twelve hundred ninety-eight dollars and fifty cents, which included the six hundred dollars in expert witness fees." Based on this evidence, the default judgment was confirmed.
On appeal, National Union argues that in order to make out a prima facie case under LSA-C.C.P. art. 1702, the plaintiff is required by the "best evidence" rule to introduce either written or oral evidence from the clerk of court. We disagree. In order to make out his prima facie case, the plaintiff must only present competent evidence. Holbrook v. Palermo, 352 So.2d 419 (La.App. 3rd Cir.1977). The trial court apparently found Mr. Fuhrer's testimony concerning the court costs to be credible and that finding will not be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In Brown v. Tinsley, 433 So.2d 305 (La.App.1st Cir.1983), the court upheld a default judgment in favor of the plaintiff who sued for breach of contract for the sale of timber. The court found that the plaintiff's testimony concerning the discrepancy in the amount of land involved was sufficient to confirm the default judgment *399 without corroborating documentary evidence. In the present case we find that the testimony regarding the court costs is sufficient without corroborating documentary evidence to prove the amount owed by National Union.
A party who seeks to have a default judgment set aside must allege and prove that he had good reasons for his nonappearance and failure to timely plead. Succession of Rock v. Allstate Life Insurance Company, 340 So.2d 1325 (La.1976). National Union has offered no excuse for its failure to appear and defend the suit and does not deny its agreement to pay the court costs in plaintiff's original suit. On appeal, National Union points out that it was allowed no credit for any amounts that it paid and which may or may not have been forwarded by the clerk of court to the plaintiff. This claim of credit or payment is an affirmative defense which must be specially pleaded and proved by the defendant. Fontenot v. LaFleur, 281 So.2d 868 (La.App.3rd Cir.1973), writ not considered 284 So.2d 336 (La.1973). Having failed to answer or defend the suit, National Union may not now defeat the default judgment against it by asserting a defense on appeal.

FRIVOLOUS APPEAL
Plaintiff timely answered National Union's appeal seeking damages for the prosecution of a frivolous appeal under LSA-C.C.P. art. 2164 in the amount of $2,000. Even though an appeal lacks serious merit, damages for frivolous appeal will not be awarded unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates. Mauboules v. Broussard Rice Mills, 379 So.2d 1196 (La.App.3rd Cir.1980), writ denied 381 So.2d 1234 (La.1980). We find that the present appeal was taken solely for delay, and accordingly, award damages.
We find the facts in the present case similar to those before the court in Dwyer Lumber Company v. Murphy Lumber & Supply Company, 116 So.2d 64 (La. App.1st Cir.1959). The appellant in that case disputed only a portion of the judgment amount which was rendered against it, yet appealed suspensively from the entire judgment, thus suspending its obligation to pay the sum undeniably due. Similarly, National Union admits its liability for the court costs in plaintiff's original suit; its appeal is solely based on the alleged absence of evidence as to the amount of court costs assessed by the clerk of court. That amount was adequately proven by plaintiff at the hearing to confirm the default, and as previously stated, National Union has offered no excuse for its failure to appear and defend the suit.
An award for damages for the prosecution of a frivolous appeal may consist of attorney's fees to the appellee for defending his position on appeal. Samford v. Samford, 297 So.2d 465 (La.App.2d Cir. 1974). In this case, we find that plaintiff is entitled to damages in the amount of $750 for attorney's fees incurred in defending his position on appeal. See Coleman Oldsmobile, Inc. v. Cobb, 366 So.2d 994 (La. App.1st Cir.1978).

CONCLUSION
For the above reasons, the judgment of the trial court in favor of plaintiff-appellee is affirmed.
It is further ordered that there be judgment in favor of plaintiff-appellee, Christopher Galland, and against defendant-appellant, National Union, in the amount of $750 as damages for the prosecution of a frivolous appeal. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED, JUDGMENT INCREASED.