CUTRER, Judge.
In this mandamus proceeding, Barney H. Brady, Jr., brought suit to compel Charles 0. Slay, the assessor of Rapides Parish, to assess to him various unredeemed tracts of land purchased by him at tax sales over the last several years. From a trial court judgment ordering Slay to make the assessments as requested, Slay appeals. We affirm.
Brady, over the last six years, had purchased various tracts of immovable property at tax sales conducted by the Rapides Parish Sheriffs Department. Some of the properties purchased were unredeemed and other pieces of the property still remained within the three year redemption period. Slay has refused to enter Brady’s tax purchases upon the tax rolls of Rapides Parish.
Slay, the Rapides Parish assessor, refused to assess the property in Brady’s name, contending that the tax rolls should not be changed until at least the redemption period has expired and the tax purchaser has quieted title by an action in monition. He takes the position that LSA-R.S. 47:2193 is not operable under the facts and circumstances but, in the event that, as assessor, he is required to follow the statute, such action would be unconstitutional under Art. VII § 25 of the 1974 Louisiana Constitution, which states:
“There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs’ sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interests, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.”
Article VII § 25 goes on to make provisions for redemption and annulment of tax sales, and for quieting tax titles.
Brady contends that, because he is a tax purchaser, he is entitled to have the properties assessed in his name from the date of recordation of a tax deed from the Rapides Parish Sheriff’s Office. He relies on LSA-R.S. 47:2193, which provides:
“From the date of recording a tax deed to property, all taxes thereon shall after that date, be assessed to and paid by the purchaser, until the property, or any part thereof, be redeemed. If redeemed, in whole or in part, the person redeeming shall pay all taxes assessed upon the property redeemed, subsequent to the tax sale.”
The trial court, in its reasons for judgment, resolved the contentions in favor of. Brady, stating in part, as follows:
“The Assessor urges that the heart of Art. 7, Sect. 25 of the Louisiana Constitution is the beginning sentence, ‘There shall be no forfeiture of property for *734 nonpayment of taxes.’ However, close scrutiny of that article and section reveals that the first sentence merely means that property will not be automatically lost to the state. It does not mean that the land cannot be seized and sold for the owner’s failure to pay taxes. The second sentence begins with the word, ‘However,’ and then goes on to provide for seizure and sale of property when taxes are not paid.
Sfc ⅜! ⅜ * * ⅜
“This clearly contemplates a sale transferring title to the tax purchaser. Thus, R.S. 47:2193 does not violate Art. 7, Sect. 25....”
Further, the court found that the language of LSA-R.S. 47:2193 clearly states that, after property has been seized and sold for failure to pay taxes, and the deed has been recorded, it is mandatory that the property be assessed in the name of the tax purchaser. We fully agree that, under this statute, it is mandatory that the assessor enter the property on the tax rolls in the name of the tax sale purchaser after recordation. Also, while the trial court’s ruling on the constitutionality of the statute appears imminently correct, we have concluded that we must dispose of this issue on other grounds, i.e., that the assessor has no interest or right to question the constitutionality of the statute under these circumstances.
Brady objected in the trial court to the consideration of the plea of unconstitutionality, but the trial judge did not rule on it since he found that the statute was constitutional.
In the case of Dore v. Tugwell, 84 So.2d 199 (La.1955), the court stated:
“The Heard ease, which represents the majority view in this country, enunciates the general rule that a public officer, charged with statutory duties of a ministerial character, is without interest or right to question the constitutionality of the statute affecting or prescribing such duties as a defense to a mandamus proceeding to compel their performance. See Annotation 129 A.L.R. 941, supplementing 30 A.L.R. 378, and cases there cited. This doctrine is founded in the basic tenent that, forasmuch as legislative acts are entitled to great respect and are presumptively constitutional, it would be inimical to public policy to allow a party without interest in a statute, and who is not injuriously affected by its enforcement, to assail its validity. City of New Orleans v. Dameron, 149 La. 535, 89 So. 685.”
See also, Smith v. Flournoy, 238 La. 432, 115 So.2d 809 (1959).
The instant case falls squarely within the doctrine of the Heard case and we, consequently, conclude that Slay is without interest or the right to question the constitutionality of LSA-R.S. 47:2193. Slay is a public official, charged with the statutory duty of assessing property sold at tax sales according to the provisions of LSA-R.S. 47:2193. These duties are ministerial in nature and Slay is without the interest or right to question the constitutionality of the statute prescribing these duties, as a defense to this mandamus proceeding.
Brady answered Slay’s appeal seeking $750.00 in damages asserting that Slay’s appeal is frivolous. LSA-C.C.P. art. 2164 states:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
In the case of Mauboules v. Broussard Rice Mills, 379 So.2d 1196, 1198 (La.App. 3rd Cir.1980), this court discussed art. 2164 as follows:
“In a recent case, Moity v. Busch, 368 So.2d 1134 (La.App. 3rd Cir.1979), cited approvingly Coleman Oldsmobile, Inc. v. Cobb, 366 So.2d 994 (La.App. 1st Cir. 1978), and Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir.1977) we stated:
*735 ‘Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyard Inc. v. LaRose Shipyards, Inc., 289 So.2d 192 (La.App. 1st Cir.1973); Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir.1976), and Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir.1976).’ (348 So.2d at 741.)”
With these principles in mind, we are of the opinion that, even though Slay’s position is untenable, it is not frivolous.
For the foregoing reasons, the request for damages for a frivilous appeal is denied. The judgment of the trial court is affirmed. The costs of this appeal are assessed to defendant-appellant, Charles 0. Slay.
AFFIRMED.