Dear Mr. McCrory:
Reference is made to your recent inquiry regarding municipal tax sales. Your correspondence presented numerous issues, all of which are addressed herein, though not in the order presented.
 Is the Parish tax roll impacted when a property owner has paid his parish taxes but a municipal tax sale has taken place? Does the Parish assessor adjust the parish tax rolls to reflect the municipal sale by listing the name of the purchaser on the parish rolls or will the municipal and parish tax rolls reflect different owners?
According to R.S. 47:2193:
 "From the date of recording a tax sale to the property, all taxes thereon shall after that date, be assessed to and paid by the purchaser, until the property, or any part thereof, be redeemed. If redeemed, in whole or in part, the person redeeming shall pay all taxes assessed upon the property redeemed, subsequent to the tax sale."
The issue you have presented was ruled upon in Brady v. Slay,460 So.2d 732 (La.App. 3 Cir. 1984), wherein an assessor refused to assess property in a tax purchaser's name, contending that the tax rolls should not be changed until at least the redemption period had expired, or the tax purchaser had quieted title by an action in monition. The Brady decision states as follows:
 ". . . The language of LSA-R.S. 47:2193 clearly states that, after property has been seized and sold for failure to pay taxes, and the deed has been recorded it is mandatory that the property be assessed in the name of the tax purchaser . . . under this statute, it is mandatory that the assessor enter the property on the tax rolls in the name of the tax sale purchaser after recordation."
We note that the Brady decision concerned a sale for parish taxes, however, the rules governing parish tax sales apply as well to municipal sales, and municipal sales are accorded the same effect as sales for unpaid state or parish taxes.
R.S. 33:461, regarding municipal tax sales, states in pertinent part:
 "The deed to the purchaser for lands so sold shall be filed with the parish clerk of court, and there remain subject to redemption for the same length of time, and in the same manner as prescribed for the redemption of land sold for state and parish taxes . . . The deeds of the tax collectors to individuals and a list of the lands sold to the municipality . . . shall have the same force and effect, and confer the same right, and be entitled to the same remedies, as deeds and lists made for delinquent taxes by the state and parish tax collector."
It is our opinion that when a municipal tax deed is recorded with the parish clerk of court, the parish tax roll should be adjusted to reflect the municipal tax sale. The property should be listed on the parish rolls in the name of the municipal tax purchaser.
The only exception to this rule is in the case where property is sold for both parish and municipal taxes due for the same year by the same tax debtor. As set forth in Attorney General Opinion No. 87-585, addressed to you, the title acquired at a sale for city taxes is subject to the title acquired at a sale for state and parish taxes. In that case, the property would be assessed in the name of the parish tax purchaser, and the tax rolls would reflect his ownership. R.S. 47:2193. (See also: Attorney General's Opinion No. 88-310, copy enclosed)
Although you did not specifically ask for an opinion regarding property adjudicated to a municipality, I am enclosing a copy of Attorney General's Opinion No. 79-1494, as the rules recognized therein would apply in a situation where parish taxes are paid but municipal taxes are not, and the property is adjudicated to the municipality. In such a situation, the property would continue to be assessed, during the period allowed by law for redemption, in the name of the previous taxpayer. The property would, however, be listed and assessed separately from all other property and designated adjudicated to the municipality.
Regarding whether or not municipal and parish tax rolls can differ, we note that R.S. 33:461 provides that municipal assessments of property are made by copying from the parish rolls that portion which embraces property within the corporate limits, and changes in the parish rolls are to be reflected in the municipal roll as well.
 Does a municipal tax sale have the effect of lien only, or does the sale prefer ownership rights on the tax purchaser?
In our opinion the word lien is not truly applicable to a tax sale. Although a lien for taxes owed is created by the filing of the assessment rolls in the office of the recorder (R.S.47:1993), that lien is satisfied when a tax purchaser pays the purchase price in exchange for a tax deed.
The statutes regarding ad valorem tax sales and redemptions (La. R.S., Title 47), are replete with references signifying that a tax sale conveys title and ownership, as opposed to a mere lien. R.S. 47:2183 requires the tax collector to execute a "deed of sale" to the purchaser and requires the collector to "sell" the property with the right of the purchaser "to be placed in actual possession thereof". La. R.S. 47:2184 refers to the conveyance to the purchaser, and states that the purchaser shall "take" the "whole" and the "entirety" of the property "as it was owned" by the delinquent taxpayer. Furthermore, as previously stated, La. R.S. 47:2193 provides that the taxes owed after recordation of the tax deed shall be assessed to and paid by the purchaser.
The Second Circuit Court of Appeal, in Goodwill v. Smith,29 So.2d 188 (La.App. 2 Cir. 1947), recognized that a tax deed vests in the purchaser a "valid title to the land" subject to a three year right of redemption. In Brady v. Slay, supra, the Third Circuit Court of Appeal, quoting the trial court, stated in reference to La. Const. (1974) Art. VII, Sec. 25: "This [constitutional section] clearly contemplates a sale transferring title to the tax purchaser." We note that the last sentence of Art. VII, Sec. 25 states: "A tax deed by a tax collector shall be prima facie evidence that a valid sale was made."
It is our opinion that a tax sale conveys a right of ownership.
 What bearing will a partial or complete homestead exemption have when a municipal tax sale requires an adjustment to the parish tax rolls? Does a person who has paid his parish taxes lose his homestead exemption if he fails to pay his municipal taxes and a sale occurs?
Assuming the property sold was the tax debtor's homestead (La. Const. (1974) Art. VII, Sec. 20, his exemption from taxes would cease to exist when his name was removed from the tax rolls. For the following tax year, the property would be assessed in the name of the tax purchaser (R.S. 47:2193), who would not be entitled to the homestead exemption unless he took possession of the property, occupied it and met the other requirements of La. Const. (1974) Art. VII, Sec. 20.
La. Const. (1974) Art VII, Sec. 25(B) and R.S. 47:2222, regarding redemption, require a tax debtor who redeems property from a tax purchaser to pay, among other charges, all taxes assessed on the property subsequent to the tax sale with statutorily imposed interest. In the usual case, a tax purchaser does not occupy the property purchased at tax sale as a homestead. As such, if the tax debtor does not redeem the property prior to a subsequent assessment in the name of the tax purchaser, it is our opinion that the tax debtor will also have lost the benefit of the homestead exemption (a reduction in the amount of taxes owed) when he does so redeem, as to the years the property was assessed in the name of the tax purchaser.
 When property is sold for municipal taxes, can the tax purchaser quiet title to the property pursuant to the provisions of R.S. 47:2228, et. seq.?
It is our opinion that one who purchases property at a municipal tax sale can quiet title to the property according to and in conformity with the provisions of R.S. 47:2228 and following. La. R.S. 33:461, previously referred to herein, provides that municipal tax titles confer the same right and are entitled to the same remedies as deeds made for delinquent state and parish taxes.
Trusting this adequately responds to your questions, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav