Dear Mayor Henderson:
You have requested the opinion of this office regarding tax sales, and the interest acquired by a tax purchaser.
The first issue presented by your request states:
 "When a piece of property is sold at tax sale by the Parish and later by the City to two different people, how is ownership determined? Normally in our parish the property would be assessed in the name of the purchaser at the latest sale. This would leave the person who purchased at the parish out. They would not receive a notice for the next tax year. Who would be the legal owner?"
It is the opinion of this office that when either a municipal or a parish tax deed is recorded with the parish clerk of court, the tax rolls of the parish should be adjusted to reflect the sale to the purchaser. In other words, the property should be assessed in the name of the most recent tax purchaser. R.S. 47:2193; R.S. 33:461; Brady v. Slay, 460 So.2d 732 (La.App. 3 Cir. 1984).
There is, however, an exception to this rule in the case where property is sold for both parish and municipal taxes due for the same year by the same tax debtor. As stated in Attorney General's Opinion No. 87-585, copy enclosed, the title acquired at a sale for city taxes is subject to the title acquired at a sale for parish taxes. In such a case, the property would be assessed in the name of the parish tax purchaser, and the tax rolls would reflect his ownership. R.S. 47:2193. See also: Attorney General's Opinion No. 88-310 and No. 92-396, copies enclosed.
The second issue presented by your request states:
 "What if someone purchased property for 100% interest at the parish sale and then a separate individual purchased 49% of the same property at a city sale, does the original property owner retain 51%?"
In accordance with the authorities cited in our response to the first issue you presented, it is our opinion that a purchaser of 100% interest in property sold for parish taxes becomes the owner of the property, subject to a right of redemption in favor of the delinquent taxpayer. If the subsequent city tax sale is for taxes owed for the same year as the parish tax sale, then as stated above, the property should thereafter be assessed in the name of the parish tax purchaser, and the tax rolls would reflect his 100% ownership. R.S. 47:2193, Attorney General's Opinion No. 88-310. If the subsequent city tax sale is for taxes owed in a later year, then the sale should properly be held in the name of the parish tax purchaser, as the then delinquent taxpayer. In such a case, the tax rolls would reflect the divided ownership interest of the two purchasers: 51% ownership retained by the parish purchaser and 49% interest in the city purchaser.
The final issue presented by your correspondence states:
 "If an individual redeems property previously sold at a city tax sale does the City Clerk collect the taxes paid to the parish? If not what is the proper procedure for collection? How should the funds be dispersed? Does the Clerk forward the funds to the parish for distribution or does she send them directly to the individual who purchased the property at the sale?"
Our research did not reveal any specific provisions of law which address the issue of the collection by one taxing body of the taxes paid to the other in connection with a redemption.
Reference should, however, be made to La. Const. Art. (1974) Art. VII, Sec. 25 (B), which provides that property sold at tax sale "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption". (Emphasis added). Additionally, R.S. 47:2222 (C) provides:
 "The payment required for the redemption of immovable property adjudicated to a purchaser for taxes may be made either to the purchaser or to the tax collector making the sale or to his successor in office. Upon payment to the tax collector making the sale . . . the tax collector . . . shall immediately execute a certificate of redemption of the property sold, in which receipt of the redemption payment shall be acknowledged, and the property shall be declared duly redeemed to the tax debtor; it shall be the further duty of the tax collector . . . to deliver the said certificate of redemption to the party redeeming the property and to cause notice of the redemption to be entered on the records of his office. All fees and costs in connection with the certificate of redemption shall be paid by the party redeeming." (Emphasis added).
In accordance with the constitution, and R.S. 47:2222C, it is clear that a party redeeming property from a municipality must be given a certificate of redemption upon payment of the tax sale price (which could only include the city's taxes), costs, the five percent penalty, thereon, and interest at the rate of one percent per month. Additionally, the redeeming party can be required to pay to the city all of the city's fees and costs associated with the redemption. R.S. 47:2222C. Furthermore, the person redeeming property "shall pay all taxes assessed upon the property redeemed subsequent to the tax sale with interest thereon at the rate of one percent per month until redeemed. R.S. 47:2222A.
However, in spite of R.S. 47:2222A, it is our opinion that the city is not required, and should not attempt, to collect payment of parish taxes before it will issue a certificate of redemption. It is the opinion of this office that the above referenced provisions of law could not reasonably have contemplated that one political subdivision would be responsible for determining if another political subdivision had received tax payments and/or for calculating the amount of such payments, and the fees and costs associated therewith.
Based upon the foregoing, it is our opinion that the Winnfield City Clerk should only collect taxes, fees and costs associated with the City of Winnfield's taxes, and that the Clerk should not collect taxes paid by the purchaser to the parish. In our opinion, the tax purchaser has a right of action against the tax debtor for the amount of parish taxes he has paid, but this should be of no concern to the city.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General