|,CARTER, Chief Judge.
The Louisiana Assessors’ Retirement Fund (Assessors’ Fund) and the Louisiana Clerks’ of Court Retirement and Relief Fund (Clerks’ Fund) (collectively referred to herein as plaintiffs) brought this mandamus action against the City of New Orleans, Richard Bruñe, as treasurer for the City of New Orleans, and Courtland Crou-chet, collector of revenue for the City of New Orleans in his official capacity as city tax collector, seeking an order that defendants comply with Louisiana Revised Statutes 11:1481 and 11:1561. The trial court granted the writ; defendants appeal.
Revised Statutes 11:1481 and 11:1561 direct sheriffs and tax collectors, including the New Orleans tax collector, to deduct a certain percentage of taxes and remit the monies collected to the plaintiffs. Revised Statute ll:1481(l)(a) provides in pertinent part:
[T]he city tax collector for the city of New Orleans is hereby authorized and required to deduct [one-fourth of ]one percent of taxes shown to be collectible by the tax rolls, including that shown on the tax roll to be exempted by virtue of homestead exemptions, for the city [.. ,]of New Orleans, which money each respective sheriff, tax collector, or any other person performing said duties shall remit to the Assessors’ Retirement Fund in a lump sum from first tax collections each year or periodically at the same time said sheriff and tax collector shall disburse funds to the tax recipient bodies of his respective parish.
*689 Revised Statute 11:1561 provides in pertinent part:
[T]he state tax collector for the city of New Orleans shall deduct one-half of one percent, of the taxes shown to be collected by the tax rolls of each respective parish.... [I]n the parish of Orleans the state tax collector for the city of New Orleans, shall remit the money so collected to the Clerks’ of Court Retirement and Relief Fund periodically and at the same time that ... the state tax collector for the city of New Orleans disburses funds to the tax recipient bodies ....
Kathy Wells, Executive Director of the Assessors’ Fund, Charlotte Bennett, Executive Secretary for the Clerks’ Fund, and Richard Bruñe, Treasurer of the City of New Orleans, all testified that no contributions had ever been made by the city to either retirement fund in accordance with these statutes. The trial court ordered defendants to deduct and remit the portions of the taxes required by the statutes for the 1999 tax year and for each subsequent tax year. Defendants contend the trial court erred in issuing that order for three reasons: (1) the statutes are unconstitutional; (2) the court ignored [3the doctrine of contemporaneous construction; and (3) the plaintiffs failed to prove mandamus was a proper remedy.

CHALLENGE TO CONSTITUTIONALITY OF THE STATUTE

Defendants raise in brief the constitutionality of these statutes. The constitutionality of a statute must first be questioned in the trial court. It must be specially pleaded with particularized grounds, and the issue must receive a contradictory hearing. Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865; In re Adoption of EHM, 00-2705, p. 6 (La.App. 1st Cir.12/15/00), - So.2d -, 2000 WL 1868602. In then-trial court memorandum in opposition to the petition for writ of mandamus, defendants stated the constitutionality of the statutes had been challenged in various declaratory judgment actions filed separately from this suit. Defendants’ trial court motion to consolidate these suits was denied. The issue of constitutionality was never specially pleaded with particularized grounds and was never heard in the trial court. As the matter was not properly raised in the court below, we are unable to address it on appeal.[1]

CONTEMPORANEOUS CONSTRUCTION

The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. State Farm Fire & Cas. Co. v. Louisiana Ins. Rating Comm’n, 97-0368, p. 5 n. 3 (La.App. 1st Cir.4/8/98), 710 So.2d 819, 822 n. 3, Ouachita Parish School Bd. v. Ouachita Parish Supervisors Ass’n, 362 So.2d 1138, 1142 (La.App. 2nd Cir.1978). Defendants contend that doctrine applies in this case. It alleges that the city has interpreted those statutes as being inapplicable to it, and that the trial court has *690 “overturned twenty-five years of statutory interpretation” by the city.
| ¿This argument is undermined, however, by the testimony of Richard Bruñe, the city treasurer. He stated that he had no knowledge the statute even existed before this lawsuit was filed, that no one with the city had ever made a decision not to pay these contributions, and that he did not think he had ever been instructed not to pay them. As it appears from the evidence before us that no official with the city made a conscious decision to ignore or refuse to follow the statute, the doctrine of contemporaneous construction cannot apply. Furthermore, even if it did, an administrative construction cannot be given effect where it is contrary to or inconsistent with legislative intent. Jurisich v. Jenkins, 99-0076, p. 8 (La.10/19/99), 749 So.2d 597, 602.

PROPRIETY OF MANDAMUS AS A REMEDY

A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. It may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. Defendants contend that an adequate remedy was available through ordinary process and that no injustice would result from delay. They point to the three related suits that have been proceeding by ordinary process since 1994 and 1995 as evidence of an adequate remedy other than by mandamus. The attorneys make conflicting claims in brief as to who is responsible for the delay, but there is no evidence in the record that the related suits are close to resolution. Plaintiffs contend that once these monies have been disbursed to the various other tax recipients, it will be very difficult for them to collect the funds, particularly since, as defendants allege in their brief, the city “faces chronic financial challenges.” We agree.
Gary Curran, plaintiffs’ actuary, testified that all statewide retirements systems are constitutionally required to be fully funded by the year 2029.[2] His job is to determine the amortization of that liability for plaintiffs. He stated that each year the payments required of the employers increase, but that if New Orleans paid its share into the funds, the amortization period would be much shorter. If New Orleans does not pay its share |fifor 1999, the other assessors will have to make contributions for three additional years to make up that shortfall, and the clerks of court will have to pay for an additional year and a half. This, in our opinion, is injustice resulting from delay.
Defendants also argue mandamus is improper because the law does not impose a clear duty upon them that is enforceable by mandamus. Defendants argue that LSA-R.S. 11:1561 refers to the “state tax collector,” when the city has no official bearing the title “State Tax Collector.” Instead, the city has an official “Collector of Revenue.” The statute, with its lowercase “s” in “state,” clearly refers to the person who collects state taxes for the city, whatever his title may be. Defendants also contend the phrases “shown to be collectible” and “shown to be collected” are “a muddle,” leaving them unable to calculate the amount of taxes to pay plaintiffs. We disagree. These statutes clearly state defendants must deduct a set percentage of taxes and remit that amount to *691 plaintiffs. We believe these statutes set forth clear ministerial duties.
Finally, defendants argue that plaintiffs are statewide retirement funds that should be funded by the state legislature. This is a matter to be addressed to the legislature. In the meantime, defendants will be required to comply with the law just as the other tax collectors must.
For the foregoing reasons, the judgment of the trial court is affirmed. Appeal costs of $921.06 are assessed to defendants.

AFFIRMED.

. We note that those declaratory judgment suits are better vehicles than this mandamus action to challenge the constitutionality of these statutes. Louisiana jurisprudence is well settled that a public official is without right to assert the unconstitutionality of the statute as a defense to a suit to compel the performance of ministerial duties imposed by law. Dore v. Tugwell, 228 La. 807, 813, 84 So.2d 199, 201 (1955); State ex rel. New Orleans Canal & Banking Co. v. Heard, 47 La.Ann. 1679, 1696, 18 So. 746, 752 (1895); Brady v. Slay, 460 So.2d 732, 734 (La.App. 3rd Cir.1984).

. See La. Const. art. 10, § 29.