944 So.2d 665 (2006)
FARMCO, INC.
v.
Brian WILSON, Assessor for the Parish of East Baton Rouge and Elmer B. Litchfield, Sheriff and Tax Collector for the Parish of East Baton Rouge.
No. 2005 CA 2132.
Court of Appeal of Louisiana, First Circuit.
October 25, 2006.
Rehearing Denied December 28, 2006.
*666 Kenneth L. Blanchard, Plaquemine, for Plaintiff/Appellee, Donald T. Boudreaux.
Brian Eddington, Baton Rouge, for Defendant/Appellant, Assessor for Parish of East Baton Rouge.
Leu Ann Greco, Baton Rouge, for Defendant/Appellant Elmer B. Litchfield, Sheriff of East Baton Rouge.
Court composed of Judge DENNIS R. BAGNERIS, Judge MICHAEL E. KIRBY, and Judge ROLAND L. BELSOME serving as judges ad hoc by special appointment of the Louisiana Supreme Court.
DENNIS R. BAGNERIS, SR, Judge, Ad Hoc.
In this mandamus proceeding, Farmco, Inc., "Farmco" brought suit to compel Brian Wilson, "Wilson" the Assessor for the Parish of East Baton Rouge, to enumerate, list and assess all tax properties purchased by it, and to pro-rate the tax assessment based on the percentage of interest it purchased. From a trial court judgment ordering Wilson to make the assessments as requested, Wilson appeals. Farmco filed an answer to appeal requesting that the judgment appealed from be modified so as to apply retrospectively and prospectively to properties purchased by both Farmco and all similarly situated persons. For the following reasons, we amend in part and affirm as amended.
FACTS
Because this was a summary proceeding, we hereby adopt the fact-findings as recited by the trial judge in his written reasons for judgment:
In the 2004 tax sale, Farmco, Inc. purchased 53 tax sale properties for unpaid valorem taxes. Tax Deeds were recorded June 25, 2004. In the subsequently filed tax roll the Assessor did not enumerate, list and assess the percentage that Farmco purchased at the 2004 tax sale. Relying on the information provided by the Assessor, the Sheriff mailed bills for 100% of the taxes due instead of the lessor percentages purchased by Farmco and the original owners were also taxed 100% of the taxes due for the same properties. Farmco tendered the percentage of the amount owed corresponding to the percentage purchased at the tax sale. Because the entire amount was not tendered, the tax director noticed Farmco that 100% of the property would be sold if one of the billed parties did not tender the amount due. However, delinquent notices were sent out to the original tax debtor only. Subsequently, the properties were sold for unpaid taxes at the 2005 tax sale. Such sales constitute a cloud on Farmco's partial interest acquired at the 2004 tax sale.
The Sheriff argued that its office should not be directed to do what the Assessor's office should have done. In response, the court found that the appropriate remedy is not a writ of mandamus and that there is no statutory *667 mandate as to the Sheriff. The appropriate remedy is to contest the bill and appeal to the appropriate authority.
DISCUSSION
On appeal, Wilson assigns the following assignments of error: (1) that the trial court erred in entering mandamus directing the Assessor for East Baton Rouge to "enumerate, list and assess" all future properties purchased by Farmco for the tax year in which the tax sale occurred; (2) the trial court erred in entering mandamus directing the Assessor for East Baton Rouge to pro-rate the assessment of property based on the percentage of interest purchased by Farmco at tax sale; and (3) the trial court erred in failing to consider whether other remedies were available to Farmco and whether the delays occasioned by the use of such other remedy would cause injustice.
The issues presented in this appeal involve questions of law. Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the de novo standard of review. Louisiana Municipal Association v. State, XXXX-XXXX, p. 35 (La.1/19/05), 893 So.2d 809, 836. When a trial court commits an error of law, the reviewing court is not subject to the manifest error standard and can make an independent determination of the facts from the record on appeal. Arabie Bros. Trucking Co. v. Gautreaux, XXXX-XXXX, p. 7 (La.App. 1 Cir. 8/4/04), 880 So.2d 932, 938.
The issue for this Court to address is whether the trial court properly issued a writ of mandamus directing the Tax Assessor for East Baton Rouge to enumerate, list and assess all tax properties purchased by Farmco at the 2004 and 2005 tax sales on the 2005 tax roll and subsequent tax rolls, when the interest purchased by Farmco is less than 100%.
La. R.S. 47:2193 states as follow:
From the date of recording a tax deed to property, all taxes thereon shall after that date, be assessed to and paid by the purchaser, until the property, or any part thereof, be redeemed. If redeemed, in whole or in part, the person redeeming shall pay all taxes assessed upon the property redeemed, subsequent to the tax sale.
Under this statute, the legislators have made it clear that once property has been seized and sold for failure to pay taxes, and the deed has been recorded, it is mandatory that the property be assessed in the name of the tax purchaser. See Brady v. Slay, 460 So.2d 732 (La.App. 3 Cir. 12/12/84) (where the Court found that the parish tax assessor is required under La. R.S. 47:2193 to enter property, seized and sold for failure to pay taxes, on tax rolls in name of tax sale purchaser after recordation.) Accordingly, we find no error in the trial court directing Wilson "to enumerate, list and assess all future properties purchased by Farmco, Inc. at Tax Sales in this parish  whether 100% or any lesser percent is purchased  on the tax roll for the immediately following year after the tax year for which the property has been sold for unpaid taxes, and to pro-rate the assessment based on the percentage of interest purchased by Farmco, Inc."
In its answer to appeal, Farmco argues that the trial court erred when it restricted its ruling to include only properties purchased by it at future tax sales and did not include the properties purchased by it at the 2004 and 2005 tax sales. For the following reasons, we find merit in this assignment of error.
Farmco filed this instant writ of madamus after it was put on notice that the *668 2005 tax roll did not enumerate, list and assess the percentage that it purchased at the 2004 tax sale and that the properties were sold for unpaid taxes at the 2005 tax sale. Thus, the relief sought by Farmco in its petition was to direct Wilson to enumerate, list and assess the percentage that it purchased at the 2004 and 2005 tax sales on the roll for 2006 taxes and to pro-rate the assessments based on the percentage of interest purchased. After hearing arguments of counsel, the trial judge agreed with Farmco's position and granted the writ of mandamus. Specifically, the trial judge stated in his reasons for judgment that "a writ of mandamus should be issued to Brian Wilson, Tax Assessor of East Baton Rouge Parish directing him to enumerate, list and assess all tax properties purchased by Farmco at the 2004 and 2005 tax sale and on the 2005 tax roll whether 100% or any lesser percentage was purchased and to do the same for any future properties purchased by Farmco, Inc." (emphasis added) Accordingly, we hereby modify the trial court judgment so as to include the properties in the Parish of East Baton Rouge purchased by Farmco at the 2004-2005 tax sales.
However, we find no merit in Farmco's argument that the trial court improperly restricted its ruling to include only properties purchased by Farmco and did not include properties purchased by other persons or entities at the 2004 and 2005 tax sales and properties to be purchased at future tax sales by other persons or entities. Farmco is the only plaintiff in this proceeding and it does not have standing to bring a claim on behalf of other persons or entities not joined in the action. As stated in La.C.C.P. art. 681, ". . . an action can be brought only by a person having a real and actual interest which he asserts." Thus, we find that the judgment properly restricts its ruling to include only properties purchased by Farmco.
Accordingly, we hereby amend the judgment of the trial court to include the properties purchased by Farmco at the 2004 and 2005 tax sales and we affirm the judgment of the trial court as amended.
AMENDED IN PART AND AFFIRMED AS AMENDED.